The document below is hereby signed.

Signed: January 31, 2018



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RITA DELORES ATKINSON, | ) | Case No. 18-00011 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | NOT FOR PUBLICATION IN THE |
| | ) | BANKRUPTCY REPORTER |

MEMORANDUM DECISION AND ORDER RE
DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE
WHY CASE OUGHT NOT BE DISMISSED UNDER § 109(h) AND ORDER
TO SUPPLEMENT APPLICATION FOR WAIVER OF CHAPTER 7 FILING FEE

The debtor has filed a response (Dkt. No. 21) to the court's *Order to File Amended Certificate of Credit Counseling or Show Cause Why Case Ought Not be Dismissed Based Upon 11 U.S.C. § 109(h) Ineligibility* ("*Order to Show Cause*")(Dkt. No. 17) and the court's *Order to Supplement Application for Waiver of Chapter 7 Filing Fee* ("*Order to Supplement*") (Dkt. No. 18). The debtor contends that she did not provide a certificate of prepetition credit counseling because she mistook a clerk's statement informing her that she had 14 days to file the certificate as "a courtesy pass" to the prepetition credit counseling. She further represents that she is unemployed and no longer receiving

unemployment.  For the reasons stated below, this case will be dismissed and the debtor will be required to file an affidavit or declaration under penalty of perjury demonstrating facts that the debtor is no longer receiving unemployment and not receiving an income.

I

The debtor filed her bankruptcy case on January 5, 2018.  At that time, the debtor did not have a certificate of credit counseling to file her case.  It appears that the debtor spoke with someone at the clerk's office who represented that the debtor could still file her bankruptcy case without filing the certificate, but that the certificate would need to be filed within 14 days.  The debtor misunderstood this as a waiver of the need to obtain prepetition credit counseling.

The debtor filed her certificate of credit counseling (Dkt. No. 16) that indicated that the debtor received credit counseling on January 16, 2018, 11 days after the debtor had filed her bankruptcy case.  The court issued its *Order to Show Cause* requiring the debtor to file a certificate of credit counseling received prior to the debtor's bankruptcy case being filed, or show cause why the case ought not be dismissed for ineligibility under 11 U.S.C. § 109(h).

At this same time the debtor filed for bankruptcy, she also filed an application to have the chapter 7 filing fee waived,

wherein she represented that her monthly income was $1,600.00, or $19,200.00 annualized.  The court denied the application on January 12, 2018 because the debtor's annual income exceeded 150% of the applicable poverty guideline for a one-person family living in the District of Columbia.[1]  The debtor filed a motion to reconsider (Dkt. No. 12) the court's denial of the application for fee waiver representing to the court that she had been on unemployment, but that her unemployment would expire.  Attached to the motion to reconsider was a weekly claim form that did not show she would no longer be receiving unemployment.  The court, accordingly, issued the *Order to Supplement* giving the debtor 28 days to supplement her application for waiver of the chapter 7 filing fee.

The debtor filed her response to these orders on January 26, 2018.  The debtor represents that she misunderstood the clerk's office when they told her she had 14 days to file her certificate of credit counseling.  She believed they were granting her a waiver of the need for prepetition credit counseling.  She contends that she would not have filed for bankruptcy had she known she needed a certificate of prepetition credit counseling.  She also represents to the court that she is no longer receiving unemployment and has no money.

---

[1]  The applicable poverty guideline for a one-person household in the District of Columbia is $12,060.00, which means 150% of the applicable poverty guideline is $18,090.00.

II

The Bankruptcy Code defines who may and may not be a debtor. 11 U.S.C. § 109.  Under § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy.  There are two types of exemptions to this requirement.  Under § 109(h)(3)(A), the debtor is excused from filing a certificate of prepetition counseling if the debtor:

> submits to the court a certificate that—
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

Under § 109(h)(4), a debtor is exempt from filing a certificate of prepetition credit counseling if the debtor:

> after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone.  For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The debtor's certificate of credit counseling indicates that

the debtor received credit counseling 11 days after she filed her petition.  However, 11 U.S.C. § 109(h)(1) requires a debtor to obtain credit counseling within 180 days prior to filing a petition for bankruptcy.  Therefore, the debtor is not eligible to be a debtor in bankruptcy unless the debtor meets an exemption.  I find that the debtor does not qualify for a prepetition credit counseling exemption.

### A.   § 109(h)(3) Exemption

The debtor does not provide sufficient facts to conclude exigent circumstances that merit waiver of § 109(h)(1).  The debtor represents that she misunderstood that the clerk's office was giving her a pass to file a certificate of prepetition credit counseling.  The clerk's office was not giving the debtor a pass.  Under Fed. R. Civ. P. 1007(c), certain documents, including the certificate of prepetition credit counseling, must "be filed with the petition or within 14 days thereafter."  The clerk's office was merely informing the debtor that because she did not have the certificate, that she should have already received, physically with her to file with her petition did not prevent her from filing her petition, as long as she filed the certificate within 14 days.  Furthermore, the clerk's office has no authority to grant such a pass.  Even the court cannot grant such a pass, except under the provisions of § 109(h)(3) and (4).  A misunderstanding does not amount to exigent circumstances.

5

Moreover, even if the court found that a misunderstanding was an exigent circumstance, the debtor does not qualify for an exemption under § 109(h)(3). The debtor is also required to show that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain [credit counseling] during the 7-day period beginning on the date on which the debtor made the request." The debtor does not provide any facts to indicate that she ever requested credit counseling prior to filing for bankruptcy, let alone the fact that the credit counseling was unattainable within the 7-day period upon requesting for such counseling. Nor is the debtor's certification satisfactory to the court. Accordingly, the debtor does not qualify for an exception to § 109(h)(1) and does not qualify as a debtor under title 11.

B.   § 109(h)(4) Exception

The debtor also does not qualify for an exception under § 109(h)(4). The debtor has provided no evidence of "incapacity, disability, or active military duty in a military combat zone." The fact that the debtor did in fact obtain credit counseling on January 16, 2018, shows that she would not qualify for this exemption. Therefore, the debtor does not qualify for an exemption under § 109(h) and her case must be dismissed.

III

The debtor further responds to the court's *Order to*

6

*Supplement*, but the debtor has not provided any evidence to meet her burden to show to the court that she qualifies for a waiver of the chapter 7 filing fee.  The debtor represents that she is not receiving income.  However, the debtor's response is not an affidavit, nor is it signed under the penalty of perjury.  Therefore, the court will order the debtor to submit to the court an affidavit or declaration under penalty of perjury, indicating that the debtor is receiving no income.

IV

For the aforesaid reasons, it is

ORDERED that the above-captioned case is DISMISSED.  it is further

ORDERED that the within 28 days after entry of this order, the debtor shall file an affidavit or a declaration under penalty of perjury in accordance with 28 U.S.C. § 1746 setting forth facts demonstrating that the debtor is no longer receiving unemployment and is receiving no income at this time.

[Signed and dated above.]

Copies to: All entities on the BNC mailing list.